1   **MCGUIREWOODS LLP**
Jenny Yi (SBN 314540)

2   jyi@mcguirewoods.com
Two Embarcadero Center

3   Suite 1300
San Francisco, CA 94111-3821

4   Telephone: 415.844.9944
Facsimile: 415.844.9922

5

6   Michael R. Phillips (*pro hac application forthcoming*)
mphillips@mcguirewoods.com
77 West Wacker Drive

7   Suite 4100
Chicago, IL 60601-1818

8   Telephone:312.849.8100
Facsimile: 312.849.3690

9

  *Attorneys for Defendant APFS LLC*

10

11

12             **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14

15   HEATHER GAZITT, Individually and for
Others Similarly Situated,

   CASE NO. _____

16 

   [County of San Francisco Superior Court Case
No.  CGC-25-621289]

17          Plaintiffs,

18   vs.    **DEFENDANT APFS LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION FROM
STATE COURT**

19   APFS, LLC d/b/a ADDISON
PROFESSIONAL FINANCIAL SEARCH,

20    Complaint Filed: January 9, 2025
Complaint Served: January 10, 2025

21          Defendant.

22

23

24

25

26

27

28

1 **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

2 **DISTRICT OF CALIFORNIA:**

3       PLEASE TAKE NOTICE that Defendant APFS LLC ("APFS"), by and through its

4 undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State

5 of California in and for the County of San Francisco (the "State Court"), in which the action is

6 currently pending, to the United States District Court for the Northern District of California on the

7 grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441,

8 1446 and all other applicable bases for removal.  In support of this Notice of Removal, APFS states

9 as follows:

10                                  **STATE COURT ACTION**

11       1.     On or about January 9, 2025, Plaintiff Heather Gazitt ("Plaintiff") filed a Complaint in

12 the State Court, styled as *HEATHER GAZITT, Individually and for Others Similarly Situated v.*

13 *APFS, LLC d/b/a ADDISON PROFESSIONAL FINANCIAL SEARCH*, Case No. CGC-25-621289

14 (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as

15 **Exhibit A**.

16       2.     On January 10, 2025, APFS's registered agent for service of process was served with

17 the following documents:

18              **Exhibit A**:    Complaint

19              **Exhibit B**:    Summons

20              **Exhibit C**:    Civil Case Cover Sheet

21              **Exhibit D**    Notice to Plaintiff of Case Management Conference

22              **Exhibit E**:    Voluntary Expedited Jury Trial Summary

23              **Exhibit F**:    Alternate Dispute Resolution Information Package and Stipulation

24       3.     APFS is informed and believes that the following additional documents are also on file

25 in the State Court Action, which are attached hereto as the Exhibits identified below:

26              **Exhibit G**:    Proof of Service of Summons

27       4.     On February 6, 2025, APFS filed an Answer to Plaintiff's Complaint in the State Court

28 Action, a true and correct copy of which is attached hereto as **Exhibit H**.

DEFENDANT APFS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

5.    APFS is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

6.    In accordance with 28 U.S.C. § 1446(d), APFS will provide contemporaneous written notice of this Notice of Removal to Plaintiff, the adverse party, and to the Clerk of the State Court.

## TIMELINESS OF REMOVAL

7.    This action has not previously been removed to federal court.

8.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." APFS has filed this Notice of Removal within 30 days of January 10, 2025, the date on which Plaintiff served APFS with the Complaint. Accordingly, this action is being removed within 30 days of the first date upon which APFS was served with any paper giving them knowledge that the action was indeed removable.

## REMOVAL JURISDICTION – DIVERSITY

9.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b), and all other applicable bases for removal.

10.   As required by 28 U.S.C. § 1441, APFS seeks to remove this case to the United States District Court for the Northern District of California, San Francisco Division, which is the district and division embracing the place where the State Court Action has been filed.

11.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by APFS, because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and APFS, on the other hand; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and purported penalties.

12.   In accordance with 28 U.S.C. § 1446(d), APFS will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

/ / /

/ / /

/ / /

**CITIZENSHIP OF PARTIES**

13.  **Plaintiff's Citizenship.**  The Complaint alleges that Plaintiff worked for APFS in San Francisco, California from October 2022 to December 2023. *See* Exh. A (Complaint), ¶ 19. (emph. added).  Throughout her employment, Plaintiff maintained a residential address in San Francisco, California, which is reflected in APFS's personnel records maintained in the ordinary course of business.

14.  Thus, APFS is informed and believes and thereon alleges that Plaintiff is currently domiciled in California and intends to indefinitely remain living continuously in California. Accordingly, Plaintiff is a resident and citizen of the State of California for purposes of traditional diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g., Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (person's continuing domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).

15.  **APFS's Citizenship.** APFS is a Delaware limited liability company with its principal place of business located in Chicago, Illinois. APFS's corporate headquarters are located in Chicago, Illinois. AFPS's corporate officers who direct, control, and coordinate its corporate activities are primarily situated at its corporate headquarters in Chicago, Illinois.

16.  APFS Staffing, Inc. is the sole member of APFS.  APFS Staffing, Inc. is a Delaware corporation with its principal place of business in Illinois.  APFS Staffing, Inc.'s corporate officers who direct, control, and coordinate its corporate activities are primarily situated at its corporate headquarters in Chicago, Illinois.

17.  At all relevant times, neither APFS nor any of its members have been incorporated or organized in California and have not had their principal places of business in California. *See* 28 U.S.C. § 1332 (c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see*

1    *also Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010) (for purposes of removal, the "principal

2    place of business" is determined by the "nerve center" test whereby an entity is deemed to be a

3    citizen of the State where its officers direct, control and coordinate activities).

4           18.   Thus, APFS is not now, and was not at the time of the filing of the Complaint in this

5    action, a citizen of the State of California within the meaning of the Acts of Congress relating to the

6    removal of causes. APFS is now, and has been since this action commenced on January 9, 2025, a

7    citizen of the State of Delaware (by virtue of its incorporation) and a citizen of the State of Illinois

8    (by virtue of its principal place of business). *See* 28 U.S.C. § 1332(c)(1).

9           19.    Additionally, none of the members of APFS are citizens of the State of California,

10    and each of them are likewise citizens of the States of Delaware and Illinois.  Thus, complete

11    diversity exists between Plaintiff and APFS.

12                          **AMOUNT IN CONTROVERSY**

13          20.   An action may be removed if the defendant establishes, by a preponderance of the

14    evidence, that the aggregate amount in controversy exceeds the jurisdictional amount.  *Abrego v.*

15    *Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of California Nat'l Ass'n v. Twin Harbors*

16    *Lumber Co.*, 465 F.2d 489, 491 (9th Cir.  1972). To satisfy the preponderance of the evidence test,

17    a defendant must provide evidence that "it is more likely than not" that the amount in controversy

18    is satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  However,

19    evidentiary submissions are not required at the time of removal.  *See Arias v. Residence Inn by*

20    *Marriott,* 936 F.3d 920, 925 (9th Cir. 2019) (holding that defendant need not prove the amount in

21    controversy in notice of removal).  "Instead, evidence showing the amount in controversy is required

22    '*only when* the plaintiff contests, or the court questions, the defendant's allegation.'"  *Id.* (emph.

23    added).

24          21.   Indeed, when a defendant seeks to remove an action to federal court on grounds of

25    diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as

26    true] when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin*

27    *Operating Co., LLC v. Owens*, 547 U.S. 81, 135 S.Ct. 547, 553 (2014); *Arias*, 936 F.3d at 927

28    ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead

1    must only have 'some reasonable ground underlying them.'").  At the time of removal, the removing

2    defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting

3    and does not require the defendant to do extensive research or prove the plaintiff's damages.  *See,*

4    *e.g.*, *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, *16 (C.D. Cal. May 9, 2011).  Thus, "a

5    defendant's notice of removal need include only a plausible allegation that the amount in

6    controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 135 S.Ct. at 554.

7         22.   A plaintiff's complaint is a court's "first source of reference in determining the amount

8    in controversy."  *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th Cir.

9    Jan. 8, 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  In

10   determining whether the amount-in-controversy exceeds $75,000, the court must presume that the

11   plaintiff will prevail on each and every claim asserted in his or her complaint.  *See Kenneth*

12   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  The

13   ultimate inquiry asks what amount is put "in controversy" by the operative complaint—not what a

14   court or jury might later determine to be the actual amount of damages, if any.  *See Ibarra v.*

15   *Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to

16   damages suffered" in a removal petition, "but only estimating the damages that are in controversy,"

17   because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal").[1]

18   The court may also look beyond the complaint to determine whether the amount-in-controversy is

19   met, if necessary.  *See Abrego*, 443 F.3d at 690.

20        23.   Further, when attorneys' fees are authorized by statute, they are appropriately part of

21   the calculation of the "amount in controversy" for purposes of removal.  *See Fritsch v. Swift Transp.*

22   *Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976,

23   980 (9th Cir. 2005); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)

24   ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or

25

26        [1] *Wilder v. Bank of Am.*, 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (determining
27   amount in controversy requires that court assume that the allegations of the complaint are true and
     that a jury will return a verdict for the plaintiff on all claims made in the complaint because the
28   ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will
     actually owe).

discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court **must** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses **all** relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)).

### *Plaintiff Seeks Damages in Excess of the Jurisdictional Threshold*

24.     In this action, Plaintiff's Complaint asserts five separate claims for: (1) failure to pay overtime (Labor Code § 510); (2) failure to authorize and permit and/or make available meal and rest periods (Labor Code §§ 226.7 and 512); (3) failure to provide timely and accurate itemized wage statements (Labor Code § 226); (4) waiting time penalties (Labor Code §§ 201–203); and (5) unlawful business practices (Bus. & Prof. Code §§ 17200 *et seq.*). Plaintiff's claims in the Complaint are asserted on both an individual and class action basis. *See* Exh. A.

25.     Although Plaintiff does not allege a specific dollar amount she seeks to recover in connection with her individual claims, the Complaint expressly seeks, *among other things*, damages for:

    a.   "all unpaid wages," including the "unpaid balance of the full amount of overtime wages owed" to her; *see* Exh. A (Complaint), ¶ 153 and Prayer for Relief, p. 24;

    b.   "premium pay for missed meal and rest periods"; *Id.* at ¶ 173;

    c.   "statutory damages" owed for failing to provide "accurate wage statements"; *Id.* at ¶ 184 and Prayer for Relief, p. 24;

    d.   waiting time penalties pursuant to Labor Code §§ 201–203; *Id.* at ¶¶ 198–200; and

    e.   "attorneys' fees and costs"; *Id.* at ¶¶ 154, 174, 186, 218 and Prayer for Relief, p. 24.

26.     As discussed above, APFS may remove this action to federal court notwithstanding Plaintiff's failure to plead a specific dollar amount in controversy. To that end, APFS's Notice of

1  Removal need include only a *plausible* allegation that the amount in controversy exceeds the

2  jurisdictional threshold. *Dart Cherokee*, 135 S.Ct. at 555; *see Arias*, 936 F.3d at 925 ("[A] a notice

3  of removal 'need not contain evidentiary submissions.'  Instead, evidence showing the amount in

4  controversy is required 'only when the plaintiff contests, or the court questions, the defendant's

5  allegation.'").  Moreover, APFS's allegations regarding federal court jurisdiction, including the

6  amount in controversy, ***must be accepted as true*** unless and until otherwise contested.  *Dart*

7  *Cherokee*, 135 S.Ct. at 553.

8      27.     As set forth above, and necessarily assuming that Plaintiff will prevail on each claim

9  asserted in the Complaint, the economic damages (including unpaid overtime wages and unpaid

10 premium pay), statutory damages, waiting time penalties, and statutory attorneys' fees sought by

11 Plaintiff establish that the amount-in-controversy exceeds $75,000.[2]

12      28.     **Unpaid Overtime Wages (Count I)**.  Plaintiff alleges in her Count I that she was

13 misclassified as an exempt employee and paid on a salary basis with no overtime compensation.

14 Exh. A, ¶¶ 50–51.  As a result of this alleged misclassification, Plaintiff alleges she is entitled to

15 receive overtime pay for all hours worked over eight per day as well as all hours worked over 40

16 per week in accordance with the Labor Code. *Id.*

17       a.  In her Complaint, Plaintiff alleges that she "***regularly*** work[ed] 10-to-12 hours

18          a day for 5-to-6 days a week."  Exh. A, ¶¶ 52, 57 (emph. added).  Based on this

19          allegation, and accepting it as true solely for purposes of removal, APFS

20          estimates that Plaintiff allegedly worked 66 hours per week (11 hours per day ×

21          6 days per week), which would consist of **26 overtime hours per week**.

22       b.  Plaintiff's payroll records, as maintained by APFS in its ordinary course of

23          business, show that Plaintiff worked and received a weekly salary of $1,154.12

24

25          [2] The amount in controversy calculations, as set forth below, are based on an assumption
26 *for purposes of removal only* that the allegations of Plaintiff's Complaint regarding her theories of
   liability are true but <u>without</u> any type of express or implied admission that the conduct alleged in
27 the Complaint occurred, that Plaintiff has suffered any damages, and that such liability in fact exists.
   *See, e.g.*, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability
28 under § 1446(b) is determined through examination of the four corners of the applicable pleadings,
   not through subjective knowledge or a duty to make further inquiry.").

over the course of **59 weeks**, from October 2022 through November 2023.

    c.   With a weekly salary of $1,154.12, Plaintiff's regular rate of pay during her employment would be $28.85 per hour ($1,154.12 per week ÷ 40 hours per week).[3]  Based on this regular rate, Plaintiff's overtime rate of pay would be **$43.27 per hour** ($28.85 per hour × 1.5 overtime premium multiple).

    d.   Based on the above, Plaintiff's alleged damages for unpaid overtime wages are calculated as follows:

$$59 \text{ weeks} \times 26 \text{ overtime hours per week} \times \$43.27 \text{ per hour} = \$66,376.18$$

    e.   Accordingly, the amount-in-controversy with respect to Plaintiff's individual claim for unpaid overtime (Count I) is **$66,376.18.**

    29.    **Premium Pay for Alleged Failure to Provide Meal and Rest Periods (Count II).** Cal. Lab. Code § 226.7(c) provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

    a.   Plaintiff alleges in Count II that she was required "to work ***continuously*** throughout [her] shift" and were "***never*** fully relieved of all of [her] duties for 30 consecutive minutes" for meal periods. Exh. A at ¶ 62.

    b.   Plaintiff also alleges APFS "***regularly*** fail[ed] to make rest periods available" to her, and even when rest breaks were provided, they were "generally untimely and/or short."  *Id.* at ¶¶ 169–70.

    c.   Moreover, Plaintiff alleges that she did not receive any premium pay for her missed or non-compliant meal periods or rest periods.  *Id.* at ¶¶ 168, 171.

    d.   Assuming for purposes of this Notice of Removal that, during each workweek,

---

[3] California law does not recognize the "fluctuating workweek method" for calculating a salaried employee's regular rate of pay, thus the regular rate of pay is calculated based on a 40-hour workweek. *See Alvarado v. Dart Container Corp. of California,* 4 Cal. 5th 542, 564, 411 P.3d 528, 541 (2018) (citing Cal. Lab. Code § 515(d)).

Plaintiff suffered ***three*** meal period violations and ***three*** rest period violations, the total amount-in-controversy for Count II for meal and rest period premium pay owed to Plaintiff is estimated to be **$10,212.90**, calculated as follows:

$$59 \text{ weeks} \times 6 \text{ violations per week} \times \$28.85 \text{ per hour} = \$10,212.90$$

30.     **Statutory Damages for Inaccurate Wage Statements (Count III).**  Under Labor Code § 226, "the statutory damages [for providing inaccurate wage statements] provide for $50 per violation for the initial pay period and $100 for each violation in a subsequent pay period." *Garibay v. Archstone Cmtys. LLC*, 2013 U.S. Dist. LEXIS 188299, at *10 (C.D. Cal. Feb. 4, 2013).

   a.  Plaintiff alleges in Count III that APFS "does not provide timely, accurate itemized wage statements" to Plaintiff "as a result of its aforementioned illegal practices" (i.e. alleged failure to pay overtime, alleged failure to provide meal and rest periods), which would have impacted every pay period and wage statement that Plaintiff received from APFS.

   b.  Over the course of her employment with APFS, Plaintiff received wage statements on a weekly basis, over the course of 59 weeks from October 2022 through November 2023.

   c.  Based on the above, the total amount-in-controversy for Count III for inaccurate wage statements provided to Plaintiff is estimated to be **$5,850.00**, calculated as follows:

$$1 \text{ initial pay period} \times \$50 + 58 \text{ subsequent pay periods} \times \$100 = \$5,850.$$

31.     **Waiting Time Penalties (Count IV).**  "Labor Code Section 203 states, in pertinent part: 'If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.' Cal. Lab. Code § 203(b)."  *Bell v. Home Depot U.S.A., Inc.*, 2014 U.S. Dist. LEXIS 78353, at *4 (E.D. Cal. June 4, 2014).  "The so-called 'waiting time penalty' is 'equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days.'" *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) (*quoting Mamika v. Barca*, 68

Cal. App. 4th 487, 493 (1998)); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("[C]ourts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.").

        a.  In her Complaint, Plaintiff alleges that she "***regularly*** work[ed] . . . 5-to-6 days a week." Exh. A, ¶ 52 (emph. added). Moreover, Plaintiff's payroll records, as maintained by APFS in its ordinary course of business, shows that Plaintiff worked and received a weekly salary of $1,154.12 throughout her employment.

        b.  Assuming for purposes of this Notice of Removal that Plaintiff worked six days per week, her daily rate of pay would equal **$192.35 per day**.

        c.  Based on Plaintiff's allegation that her employment with APFS ended no later than December 2023, Plaintiff would be entitled to receive the maximum waiting time penalty equal to her daily wages for 30 days.

        d.  Accordingly, the total amount in controversy for Count IV for waiting time penalties owed to Plaintiff is estimated to be **$5,770.50**, calculated as follows:

$$\$192.35 \text{ per day} \times 30 \text{ days} = \$5,770.50$$

32. **Attorneys' Fees.** Plaintiff's Complaint seeks an award of attorneys' fees. *See* Exh. A, ¶¶ 154, 174, 186, 218 and Prayer for Relief, p. 24. It is well-settled in the Ninth Circuit that where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2001); *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, Ninth Circuit precedent holds "that a court must include ***future*** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Here, if we assume conservatively that Plaintiff's counsel will spend 50 hours on

1  this complex wage-and-hour case at a conservative rate of $500 per hour,[4] the amount-in-

2  controversy for attorneys' fees would total at least **$25,000**, calculated as follows:

3                    50 hours × $500 per hour = $25,000

4          33. **Total Amount-in-Controversy for Plaintiff.**  As set forth above, the total amount-in-

5  controversy for alleged unpaid overtime, meal period and rest period premiums, statutory damages

6  for inaccurate wage statements, and waiting-time penalties, exclusive of attorneys' fees, is

7  approximately no less than:

8          **$66,376.18:**       **Unpaid Overtime**

9          **$10,212.90:**       **Meal and Rest Period Premiums**

10         **$5,850.00:**        **Statutory Damages for Inaccurate Wage Statements**

11         **$5,770.50:**        **Waiting-Time Penalties**

12         **$25,000:**          **Attorneys' Fees**

13         **$113,209.58**       **Total**

14                              <u>**VENUE**</u>

15         34. This is a civil action originally filed in State Court in San Francisco County, California.

16  APFS is informed and believes the events allegedly giving rise to this action occurred within this

17

18

19  ─────────────────────

20         [4] In the San Francisco Bay Area as of 2013, "reasonable market rates in labor and
    employment cases are $675 per hour for partners, between $300 and $400 per hour for associates,
21  and between $180 and $225 per hour for law clerks and paralegals." *Zoom Elec., Inc. v. Int'l Bhd.
    of Elec. Workers, Local 595*, 2013 WL 2297037, at *4 (N.D. Cal. May 24, 2013). APFS notes that
22  attorney bill rates have increased significantly since 2013; and therefore, a reasonable rate would
    be even higher today. *See e.g. Bisaccia v. Revel Sys. Inc.*, No. 17-CV-02533-HSG, 2019 WL
23  3220275, at *8 (N.D. Cal. July 17, 2019) (citing approvingly, *Hefler v. Wells Fargo & Co.*, No. 16-
    CV-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (rates from $650 to $1,250
24  for partners or senior counsel, $400 to $650 for associates); *In re Volkswagen "Clean Diesel"
    Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D.
25  Cal. Mar. 17, 2017) (billing rates ranging from $275 to $1600 for partners, $150 to $790 for
    associates, and $80 to $490 for paralegals reasonable "given the complexities of this case and the
26  extraordinary result achieved for the Class")); *see also Van Kempen v. Matheson Tri-Gas, Inc.*, No.
    15-CV-00660-HSG, 2017 WL 3670787, at *8 (N.D. Cal. Aug. 25, 2017) (approving attorney rates
27  of up to $800 per hour).

28

DEFENDANT APFS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION FROM STATE COURT

judicial district.  Venue lies in this Court because the action is pending in this district and division.

*See* 28 U.S.C. § 1441(a).[5]

35.    Nothing in this Removal Notice is intended or should be construed as any type of express or implied admission by APFS of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of APFS's rights, claims, remedies, and defenses in connection with this action, including its right to compel individual arbitration of the claims asserted in this action, all of which are hereby fully and expressly reserved.

WHEREFORE, APFS hereby removes the above-captioned action now pending in the State Court to this United States District Court.

DATED: February 7, 2025              **McGuireWoods LLP**

By:    */s/ Jenny Yi*
       Jenny Yi

       *Attorneys for Defendant APFS LLC*

---

[5] While venue is proper in this district, because this action arises out of an action pending against APFS in the Northern District of Illinois involving substantially the same underlying allegations and same Plaintiff's counsel, APFS reserves the right to request a change of venue pursuant to 28 U.S.C. § 1404(a).

1

**CERTIFICATE OF SERVICE**

2   I certify that on February 7, 2025, the foregoing document entitled **DEFENDANT APFS**

3 **LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** was filed

4 electronically in the Court's EFC; thereby upon completion the ECF system automatically

5 generated a "Notice of Electronic Filing" as service through CM/ECF to registered e-mail addresses

6 of parties of record in the case.

7

8               */s/ Jenny Yi*
                Jenny Yi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28